FILED-USDC-NDTX-DA
'25 OCT 6 PM2:38
KM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN SALCEDO

No. 3-25CR-450 L

**FACTUAL RESUME**

In support of Jonathan Salcedo's plea of guilty to the offense in Count One of the Information, Salcedo, the defendant, Joe Magliolo, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1344(1)), that is conspiracy to commit bank fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant and at least one other person agreed to commit the crime of bank fraud as charged in the Information;

*Second.* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.* That at least one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information in order to accomplish some object or purpose of the conspiracy.

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (2024).

The elements of Bank Fraud, a violation of 18 U.S.C. § 1344(1) are as follows:[2]

*First.* That the defendant knowingly executed a scheme or artifice;

*Second.* That the scheme or artifice was to defraud a financial institution, as alleged in the Information;

*Third.* That the defendant had the intent to defraud the financial institution;

*Fourth.* That the scheme or artifice to defraud was material; and

*Fifth.* That the defendant placed the financial institution at risk of civil liability or financial loss.

**STIPULATED FACTS**

1. Jonathan Salcedo admits and agrees that, from in or around June 2022, through in or around December 2022, in the Northern District of Texas, and elsewhere, he and Coconspirator A, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, a violation of Title 18, United States Code, Section 1344(1), by knowingly executing and attempting to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by National Credit Union Share Insurance Fund.

2. Salcedo admits and agrees that, from in or around May 2022, through in or around December 2022, he was the Chief Executive Office of Bank 1.

---

[2] *See* Fifth Circuit Pattern Jury Instruction 2.58A (2024).

3. Salcedo agrees that Bank 1, which was located in the Northern District of Texas, was a financial institution as defined in 18 U.S.C. § 20, whose accounts were insured by the National Credit Union Share Insurance Fund.

4. Salcedo agrees that Coconspirator A was a customer of Bank 1 who had several business accounts with Bank 1, as well as a business account with Bank 2.

5. Salcedo admits and agrees that, as part of his conspiracy with Coconspirator A to defraud Bank 1, Coconspirator A deposited insufficiently funded checks into his business accounts with Bank 1 that were issued from Coconspirator A's business account with Bank 2.

6. Salcedo further admits and agrees that he transferred money from Bank 1's corporate account to Coconspirator A's business accounts to cover the amount of the insufficiently funded checks so that Coconspirator A's business accounts would not show a negative balance. Salcedo admits that he did not have approval from Bank 1's Board of Directors to make these transfers.

7. Specifically, Salcedo admits that, on or about July 6, 2022, in furtherance of the conspiracy, he transferred money from Bank 1's corporate account to Coconspirator A's business account with Bank 1. This was done so that Coconspirator A's business account with Bank 1 did not have a negative balance from Coconspirator A depositing an insufficiently funded check for approximately $228,500 that was issued from Coconspirator A's business account with Bank 2.

8. Salcedo further admits that, on or about July 12, 2022, he again transferred money from Bank 1's corporate account to Coconspirator A's business account with

Bank 1. This was done so that Coconspirator A's business account with Bank 1 did not have a negative balance from Coconspirator A depositing two insufficiently funded checks totaling approximately $565,360 that was issued from Coconspirator A's business account with Bank 2.

9. Salcedo admits that, on or about October 20, 2022, in furtherance of the conspiracy, he applied for and received a $1 million increase to Bank 1's corporate credit limit. Salcedo admits that, when he asked Bank 1's Board of Directors for permission to increase the bank's credit limit, he did not inform the Board that he had been using the bank's credit line to fund Coconspirator A's business accounts at Bank 1.

10. Salcedo admits and agrees that, from in or around June 2022, through in or around December 2022, he placed Bank 1 at risk loss of financial loss by allowing Coconspirator A to steal over $2 million from Bank 1.

11. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

[Remainder of page intentionally blank]

AGREED TO AND STIPULATED on this 6th day of October, 2025.

JONATHAN SALCEDO
Defendant

JOE MAGLIOLO
Attorney for Defendant

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

RYAN P. NIEDERMAIR
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24116828
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8809
Email: ryan.niedermair@usdoj.gov